**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARIUS STAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-922-D |
| | ) |
| MARKWAYNE MULLIN, et al., | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Marius Stan, a noncitizen[1] and Romanian national proceeding pro se,

filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C.

§ 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United

States District Judge Timothy D. DeGiusti referred this matter to the undersigned

Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set

an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth

below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and

order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)

within five business days or otherwise to release him if there is no hearing within that time.

## I.    Background

Petitioner, a citizen of Romania, entered the United States at or near Hidalgo, Texas

on or about June 5, 2021, without admission or parole. Resp. at 10; Doc. 7-1 at 1 (Notice

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

to Appear).  On September 14, 2021, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Resp. at 10; Doc. 7-1 at 1.  Also on September 14, 2021, Petitioner was released from detention on an Order of Release on Recognizance.  Resp. at 10; Doc. 7-2 at 1 (Order of Release on Recognizance).

On April 15, 2026, ICE revoked Petitioner's Order of Release on Recognizance and re-arrested Petitioner pursuant to a warrant.  Pet. at 2; Resp. at 10; Doc. 7-2 at 1; Doc. 7-3 (Warrant for Arrest).  Petitioner alleges he was not provided an interview or a chance to respond to the reasons for revocation.  Pet. at 7.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 7.  Petitioner did not allege he requested a bond hearing and Respondents allege he has not requested a bond hearing.  *Id*. at 10.  Such a request, though, would likely be futile because all immigration judges are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 18, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process and 8 C.F.R. § 241.4(l)**. Petitioner alleges his re-detention without an individualized bond hearing and without an interview or chance to respond to the reasons for re-detention violates his right to due process and 8 C.F.R. § 241.4(l). Pet. at 7.

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his detention violates the INA. *Id*. He also alleges he was not served a copy of the arrest warrant. *Id.*

- **Count III: Violation of the Administrative Procedures Act ("APA")**. Petitioner alleges that "regardless of [his] legal status [he] was not offered an individualized bond hearing" in violation of the APA. *Id.* at 7-8 (citation modified).

He asks the Court to order his "immediate release through an Order of Supervision" or that he "be given a bond hearing." Pet. at 8. Liberally construed, the Petition seeks a bond hearing pursuant to § 1226(a). Pet. at 7-8; *see also* Resp. at 7 (acknowledging same).

III. **Standard of Review**

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV. **Analysis**

A. **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under

3

§ 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Liberally construed, Petitioner contends he is entitled to a bond hearing pursuant to § 1226(a). Pet. at 7-8. Respondents claim Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A). Resp. at 7-10. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States, and (2) "applicants for admission" are necessarily "seeking admission." *Id.* at 11-17.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention.

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when

apprehended.   Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *Colin*, 2025 WL 3645176, at *4.  "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be superfluous and redundant, and courts should avoid statutory interpretations that make any part of the statute superfluous." *Colin*, 2025 WL 3645176, at *4 (citation modified).  The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

Second, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended.  Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).

Finally, Petitioner's previous release on his own recognizance under § 1226 in September 2021 also supports application of § 1226(a) to his current detention. *See, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash.

5

Dec. 12, 2025) (finding petitioner's prior release on recognizance under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226"); *Chen v. Soto*, No. CV 25-17198, 2025 WL 3527239, at *3 (D.N.J. Dec. 9, 2025) (granting habeas relief and ordering respondents to provide a bond hearing for petitioner previously released on his own recognizance pursuant to § 1226 because previously treating petitioner under § 1226 "defeats respondents' new position that a different statutory provision applies").

In sum, this Court, Chief Judge Palk, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner who had been living in the United States for years and were present in the country when apprehended.[2]  This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents.  *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).[3]  In contrast, the Fifth and Eighth

---

[2] *See, e.g., Colin*, 2025 WL 3645176, at *5; *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

[3] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided

Circuit Courts of Appeals recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a). *See, e.g.*, *Singh v. Mullin*, No. CIV-26-847-D, 2026 WL 1270062, at *1-2 & 1 n.1 (W.D. Okla. May 8, 2026) (recent application by this Court of § 1226(a) to a similarly situated petitioner, noting "the Court finds persuasive the analysis provided by the Second Circuit in *Cunha v. Freden* . . . and by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025)"). The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

### B.    The proper remedy is a bond hearing.

Petitioner seeks "immediate release through an Order of Supervision or [to] be given a bond hearing." Pet. at 8. Consistent with a common approach in this District, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the

---

there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56, 861-63, 871-77 (7th Cir. 2026).

appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).  As Judge

Russell in this District acknowledged, "Petitioner is entitled to the custody procedures

provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security

the discretion to either detain a noncitizen or release the noncitizen on bond."  *Id.* at *1

(citation modified).  As such, "an individualized custody redetermination hearing would

provide Petitioner with the process he is due under the statute."  *Id.* (citation modified).

Further, Petitioner has not alleged or provided evidence that he was previously detained

and released under any other provision.[4]  Therefore, based on Petitioner's arguments and

---

[4] In some cases, Judges in this District have ordered immediate release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures.  *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified).  However, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing.  *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority").  Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

consistent with Judge Russell's approach, the undersigned recommends Petitioner be afforded an individualized bond hearing pursuant to § 1226(a).

### C. The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process, 8 C.F.R. § 241.4, and the APA. Pet. at 7-8. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the remaining claims based on his continued detention. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").[5]

### V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

---

[5] To the extent Petitioner alleges he was arrested without a warrant, Respondents provided the Court with the warrant for Petitioner's arrest dated April 15, 2026. Doc. 7-3. Further, to the extent Petitioner alleges Respondents violated 8 C.F.R. § 241.4(l) when they failed to provide him an interview or opportunity to respond to the reasons for re-detention, that regulation governs the detention of noncitizens subject to a final order of removal and beyond the removal period—not those like Petitioner whose immigration proceedings are ongoing. *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal is governed by 8 C.F.R. §§ 241.4 and 241.13.") (citation modified).

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **June 25, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **June 30, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

10